**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:26-cv-23358-GAYLES**

**DANIELE POLEZE**

**Plaintiff**,

**v.**

**PRINCESS CRUISE LINES LTD,**

**Defendant.**
________________________________/

**ORDER**

**THIS CAUSE** comes before the Court on Defendant's Motion to Dismiss ("Motion"). [ECF No. 21]. Defendant seeks an "order dismissing Plaintiff's Complaint based upon a mandatory forum selection clause, the doctrine of *forum non conveniens*, and Plaintiff's failure to establish a valid claim under Title VII of the Civil Rights Act." *Id.* at 1. Plaintiff filed a Response in Opposition to the Motion, [ECF No. 26], to which Plaintiff filed a Reply, [ECF No. 27]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is **GRANTED in part and DENIED in part**.

Plaintiff, a 21-year-old Brazilian citizen, was hired by Defendant to work as a junior waiter aboard Defendant's cruise vessel, the *Emerald Princess*. [ECF No. 1 at 2]. Plaintiff alleges that, while working for Defendant, she was "subjected to repeated, persistent, and severe sexual harassment and nonconsensual sexual contact by her direct supervisor[.]" *Id.* For that, she asserts claims for Violation of Title VII of the Civil Rights Act of 1964 (Count I), Jones Act negligence (Count II), unseaworthiness (Count III), and failure to timely provide entire maintenance and cure (Count IV). *Id.* at 11–22.

In its Motion, Defendant seeks dismissal of Count I of Plaintiff's Complaint for "failure to establish a valid claim under Title VII of the Civil Rights Act." [ECF No. 21 at 1]. The Motion is **GRANTED** as to this request because "Plaintiff does not oppose dismissal of" this claim. [ECF No. 26 at 2]. Accordingly, Count I of Plaintiff's Complaint is **DISMISSED**.

Next, Defendant seeks dismissal of this action "based upon a mandatory forum selection clause" and "*forum non conveniens*[.]" [ECF No. 21 at 1]. Article 14 of Plaintiff's Employment Agreement states that "[i]n the event any Employee claim or portion of any Employee claim is deemed not subject to arbitration for any reason, such dispute shall be litigated exclusively in the Supreme Court of Bermuda[.]" [ECF No. 21–1 at 17]. Defendant, therefore, argues that "the forum-selection clause should be enforced and the motion to dismiss for *forum non conveniens* should be granted in favor of litigation in the Supreme Court of Bermuda." [ECF No. 21 at 2]. The Court disagrees.

As the Eleventh Circuit has explained, "with analyzing a forum-selection clause, a court must follow a two-step approach: (1) the court first must interpret the clause to assess whether its terms apply to the claims and parties at bar; if they do, then (2) the court must decide whether the forum-selection clause is valid and enforceable." *Declan Flight, Inc. v. Textron Eaviation, Inc.*, 177 F.4th 1110, 1124 (11th Cir. 2026) (citation omitted). As to the first step, this Court "can only determine a forum-selection clause's 'scope' by looking to the language of the contract itself." *Id.*

The Court finds that the forum-selection clause applies to the parties and covers Plaintiff's claims. It is undisputed that the Employment Agreement is between Plaintiff and Defendant, and it was signed by both parties. [ECF No. 21–1 at 2]. The dispute resolution provision is very broad, covering "every conceivable claim, demand, dispute, action, suit, petition or controversy of any kind or nature without any limitation whatsoever that Employee may bring or assert against

Companies or that Companies may bring or assert against Employee, regardless of where, when or how the incident or matters giving rise to such dispute occurs[.]" *Id.* at 15.

Moving to the next step, "forum-selection clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *AQuate II LLC v. Myers*, 100 F.4th 1316, 1323 (11th Cir. 2024) (citation and internal quotation marks omitted). Courts "look to four factors to evaluate whether a forum-selection clause should be 'invalidated' as unfair or unreasonable: '(1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy.'" *Id.* And "if a party can show that 'trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court,' the forum-selection clause will not be enforceable." *Id.*

Other courts in this District have found, under similar circumstances, that Defendant's forum-selection clause is unenforceable. For example, in *Rozanska v. Princess Cruise Lines, Ltd.*, the court found that Princess Cruise Lines, Ltd., the same Defendant here, "selected Bermuda law to apply because there are no comparable causes of action in Bermuda which are similar to the Jones Act or United States admiralty law for maintenance and cure." No. 07-23355-CIV, 2008 WL 8883868, at *5 (S.D. Fla. Aug. 5, 2008) (denying the motion to dismiss and concluding that enforcing the forum-selection clause to litigate plaintiff's claims in Bermuda would be unreasonable under the circumstance). As the court explained, the "purpose of [Princess Cruise's forum-selection] clause was to deprive Plaintiff of her Jones Act and maintenance and cure causes of action." *Id.* Same here, too. As in *Rozanska*, the Court finds that enforcing the forum-selection

clause would be unreasonable under the circumstances. Holding otherwise would deprive Plaintiff of her day in court.[1]

Lastly, because there is no enforceable forum-selection clause here, this Court must follow the "typical *forum non conveniens* test[.]" *Declan Flight, Inc.*, 177 F.4th at 1132 (citation and quoting marks omitted). Under this test, Defendant " bears the burden of justifying dismissal based on *forum non conveniens*, and to satisfy this burden it must establish that (1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his [or her] suit in the alternative forum without undue inconvenience or prejudice." *Usme v. CMI Leisure Mgmt., Inc.*, 106 F.4th 1079, 1085 (11th Cir. 2024) (citation and quoting marks omitted; alternation in original). As Defendant does not address those factors in its Motion, the Court finds that Defendant has not carried its burden. Thus, the Motion is **DENIED** as to this request.

Accordingly, Defendant's Motion is **GRANTED in part and DENIED in part**. Count I shall be dismissed, and the remaining claims shall proceed in this Court. On or before **August 28, 2026**, Defendant shall respond to Plaintiff's Complaint.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of August, 2026.

**DARRIN P. GAYLES**
**UNITED STATES DISTRICT JUDGE**

[1] In its Reply, Defendant asserts that it "expressly disputes that United States law governs Counts II–IV" of Plaintiff's Complaint and instead "Bermuda law should apply." [ECF No. 27 at 4]. But "[a]rguments not properly presented in a party's initial brief or raised for the first time in the reply brief are deemed waived." *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009).